

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

FREEPORT MARINE SA,                              :

                     Plaintiff,                 :    07 C

                                   :

    - against -                                     :    ECF CASE

ORAM TANKER LTD.,                                :

                   Defendant.                 :

------------------------------------------------------------------------X

### VERIFIED COMPLAINT

    Plaintiff, FREEPORT MARINE SA ("Freeport" or "Plaintiff"), by and through its

attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the

Defendant, ORAM TANKER LTD., ("Oram" or "Defendant") alleges, upon information and

belief, as follows:

    1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Panama.

    3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of South Korea.

    4.      At all material times, Plaintiff was the Owner of the motor vessel "TBN LIQUID

FORTUNE" (hereinafter the "Vessel").

    5.      By a charter party dated February 21, 2007, Plaintiff chartered the Vessel to

Defendant.

6.    During the course of the charter, Defendant failed to pay hire and other expenses, including but not limited to, tank cleaning costs and C/V/E expenses, due and owing to Plaintiff under the charter party contract. *See hire statement annexed hereto as Exhibit "1."*

7.    As a result of Defendant's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $240,937.45, exclusive of interest, arbitration costs and attorneys fees.

8.    Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

9.    Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Plaintiff.

10.    Thus, Plaintiff is preparing to commence arbitration proceedings against Defendant on its claims.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $240,937.45 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $35,871.20 |
| C. | Estimated attorneys' fees and expenses: | $75,000.00 |
| D. | Estimated arbitration costs: | $25,000.00 |
| **Total** | | **$376,808.65** |

12.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.    That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount **$376,808.65** calculated to date to secure the Plaintiff's claims, and that all persons

claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty

Rule B answer the matters alleged in the Complaint;

      D.      That this Court recognize and confirm any arbitration award(s) or judgment(s)

rendered on the claims set forth herein as a Judgment of this Court

      E.      That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof;

      F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

      G.      That the Plaintiff have such other, further and different relief as the Court

may deem just and proper.

Dated: August 13, 2007
      Southport, CT

            The Plaintiff,
            FREEPORT MARINE SA

            By: _____
               Nancy R. Peterson (NP 2871)
               Patrick F. Lennon (2162)
               LENNON, MURPHY & LENNON, LLC
               420 Lexington Ave., Suite 300
               New York, NY 10170
               (212) 490-6050 – phone
               (212) 490-6070 – fax
               nrp@lenmur.com
               pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )    ss.:    Southport
County of Fairfield   )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this
Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the
Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents
thereof and believe the same to be true and accurate to the best of my knowledge, information
and belief.

5.    The reason why this Verification is being made by the deponent and not
by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now
within this District.

6.    The source of my knowledge and the grounds for my belief are the
statements made, and the documents and information received from, the Plaintiff and agents
and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        August 13, 2007
              Southport, CT

                                    Nancy R. Peterson

EXHIBIT 1



8/10/2007

| Sixth Hire Statement | | |
|---|---|---|

M/T: LIQUID FORTUNE
ACCNT: ORAM TANKER LTD, KOREA CP DD 21/2/07
FROM:  2nd August 2007, 19:00 HRS LT
UNTIL: 17th August 2007, 19:00 hrs LT

| | | | |
|---|---|---|---|
| A. | HIRE | | |
| | From:        8/2 -07        19:00 hrs | | |
| | To:           8/17 -07       19:00 hrs | | |
| | 15.000 days      x      usd      13,500.00 pday | | $202,500.00 |
| B. | COMMISSION | | |
| | 1.25% (Odin Marine Spare) | $2,531.25 | |
| C. | Tank Cleanings (usd 3,000.00 pmpr) | | |
| | 2/8/07-17/8/07 | | $1,500.00 |
| D. | C/V/E ($ 1,500.00 PMPR) | | |
| | 2/8/07-17/8/07 | | $750.00 |
| E. | AP BELAWAN | | $3,000.00 |
| F. | SPEED CLAIM RETAINED FM THE PREVIOUS HIRE | | |
| | INSTALMENT (corrsponding to the period 5-16/6/07) | | $33,187.45 |
| G. | BALANCE DUE TO OWNERS | $238,406.20 | |
| | | $2,531.25 | $240,937.45 |

(E & O E)

| | |
|---|---|
| Bank | ROYAL BANK OF SCOTLAND PLC. |
| Branch | PIRAEUS BRANCH |
| | PO BOX 80177, AKTI MIAOULI 45 |
| | GR 185 10 PIRAEUS |
| | GREECE |

| | |
|---|---|
| Account No. | 195203-100 |
| Swift ID | RBOSGRAA |
| Beneficiary: | *ELMIRA SHIPPING AND TRADING S.A.* |
| Reference : | M/T LIQUID FORTUNE / ACC ORAM CP DD 21/2/07 |

US Correspondent:

JPMORGAN CHASE BANK NEW YORK
NEW YORK
USA
SWIFT ID:CHASUS33