UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIGOLD ENTERPRISES INC. and
FREEPORT MARINE SA,

                                  Plaintiffs,

    - against -

ORAM TANKER LTD.,

                                  Defendant.
----------------------------------------------------------X



07 Civ. 7188 (DLC)

ECF CASE

## AMENDED VERIFIED COMPLAINT

Plaintiff, MARIGOLD ENTERPRISES INC. ("Marigold") and FREEPORT MARINE SA ("Freeport") (collectively referred to as "Plaintiffs") by and through their attorneys, Lennon, Murphy & Lennon, LLC, as and for their Amended Verified Complaint against the Defendant, ORAM TANKER LTD. ("Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Marigold was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the Marshall Islands.

3. At all times material to this action, Freeport was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Panama.

4. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the laws of South Korea.

5. At all material times, Marigold was the Owner of the motor vessel "LIQUID FORTUNE."

6. At all material times, Freeport was the Owner of the motor vessel "LIQUID CRYSTAL."

7. The "LIQUID FORTUNE" and the "LIQUID CRYSTAL" are in the same management.

8. By a charter party dated January 3, 2007, Plaintiff, Freeport, chartered the "LIQUID CRYSTAL" to Defendant. However, owing to operational problems with that vessel, it was subsequently agreed that a new fixture would be entered into (in addition to the charter party dated January 3, 2007, whereby the "LIQUID FORTUNE", owned by Plaintiff, Marigold, would perform part of the required service for Defendant on the same terms but with logical amendments.

9. Therefore, by a charter party dated February 21, 2007, Plaintiff, Marigold, chartered the Vessel "LIQUID FORTUNE" to Defendant.

10. Plaintiff, Freeport, was mistakenly named in the recap of the charter party dated February 21, 2007 as the owner of the "LIQUID FORTUNE", because the brokers inadvertently forgot to amend the Owners' identity therein.

12. At all material times, Marigold was the owner of the vessel "LIQUID FORTUNE", and is the company which entered into the charter party with Defendant dated February 21, 2007.

13. In the alternative, Freeport entered into the above charter party contract with Defendant and reserves the right to bring the claim set forth herein against Defendant in arbitration.

14. During the course of the "LIQUID FORTUNE" charter, Defendant failed to pay hire and other expenses, including but not limited to, tank cleaning costs and C/V/E expenses,

2

due and owing to Marigold and/or Freeport under the charter party contract. *See hire statement annexed hereto as Exhibit "1."*

15. As a result of Defendant's breach of charter party contract, Marigold and/or Freeport have sustained damages in the principal amount of $247,873.00, exclusive of interest, arbitration costs and attorneys fees.

16. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply.

17. Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Marigold and/or Freeport.

18. Thus, Marigold and/or Freeport are preparing to commence arbitration proceedings against Defendant on the claims set forth herein.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Marigold and/or Freeport expect to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $247,873.00 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $36,903.77 |
| C. | Estimated attorneys' fees and expenses: | $75,000.00 |
| D. | Estimated arbitration costs: | $25,000.00 |
| **Total** | | **$384,776.77** |

20. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

3

held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

21. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Marigold's and/or Freeport's claims as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Amended Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount $376,808.65 calculated to date to secure Marigold's and/or Freeport's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Amended Complaint;

4

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiffs their attorney's fees and costs of this action; and

G.  That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: September 6, 2007
New York, NY

                              The Plaintiffs,
                              MARIGOLD ENTERPRISES INC. and
                              FREEPORT MARINE SA

By: _____/s/ Nancy P._____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (2162)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
nrp@lenmur.com
pfl@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss.:  New York
County of New York )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Amended Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are a business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:    September 6, 2007
          New York, NY

_____
Nancy R. Peterson

EXHIBIT "1"



8/23/2007

### Preliminary Final Hire Statement

M/T: LIQUID FORTUNE
ACCNT: ORAM TANKER LTD, KOREA CP DD 21/2/07
FROM: 5th MARCH 2007, 19:00 HRS LT
UNTIL: 23rd August 2007, 12:00 hrs LT

**A. HIRE**

| | | | |
|---|---|---|---|
| From: | 3/5 -07 | 19:00 hrs | |
| To: | 8/23 -07 | 12:00 hrs | |
| 170.708 days × usd 13,500.00 pday | | | $2,304,562.05 |

Off hire due to bunkering mdo at Chiba:
| | | | |
|---|---|---|---|
| From: | 3/7 -07 | 9:12 hrs | |
| To: | 3/7 -07 | 14:48 hrs | |
| 0.233 days × usd 13,500.00 pday | | $3,149.55 | |

Off hire / change of m/e exhaust valve
| | | | |
|---|---|---|---|
| From: | 3/29 -07 | 18:00 hrs | |
| To: | 3/29 -07 | 19:45 hrs | |
| 0.073 days × usd 13,500.00 pday | | $984.15 | |

Off hire radar repairs in Spore:
| | | | |
|---|---|---|---|
| From: | 6/16 -07 | 18:00 hrs | |
| To: | 6/18 -07 | 5:00 hrs | |
| 1.458 days × usd 13,500.00 pday | | $19,687.05 | |

Bunker Consumption (pending further clarification)     $3,228.93

Speed claims, as per Chrrs' representation (4-11/6/07):
2.458 days × usd 13,500.00 pday     $33,187.05
Owners Requested on 10/8/07 immediate refund since speed & consumption     $33,187.05
warranty is WOG

**B. BUNKERS**
Delivery
| | | | | |
|---|---|---|---|---|
| IFO | 196.10 MT | × $ | 376.00 p/mt | $73,733.60 |
| MGO | 51.00 MT | × $ | 580.00 p/mt | $29,580.00 |

Mgo purchased by Owners 34.80 mt out of which for Owners' use
only 20.31 mt thus b/ce reb 14.49 mt for Chrrs' use under this t/c:
| | | | | |
|---|---|---|---|---|
| MGO | 14.49 MT | × $ | 580.00 p/mt | $8,404.20 |

|   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|
| | Chiba-Shanghai River (7-11/3/07) | | | | | | |
| | IFO | 21.11 MT | x | $ | 376.00 p/mt | | $7,937.36 |
| | Redelivery (redely prices will be revised in accordance with the last bunkering) | | | | | | |
| | IFO | 122.05 MT | x | $ | 398.00 p/mt | $48,575.90 | |
| | MDO | 44.27 MT | x | $ | 649.00 p/mt | $28,686.96 | |
| C. | COMMISSION | | | | | | |
| | 1.25% (Odin Marine Spore) | | | | | $28,509.27 | |
| D | Tank Cleanings (usd 3,000.00 pmpr) | | | | | | |
| | 5/3/07-4/4/07 | | | | | | $3,000.00 |
| | 4/4-4/5/07 | | | | | | $3,000.00 |
| | 4/5-3/6/07 | | | | | | $3,000.00 |
| | 3/6-3/7/07 | | | | | | $3,000.00 |
| | 3/7-2/8/07 | | | | | | $3,000.00 |
| | 2-23/8/07 | | | | | | $2,100.00 |
| | Port Mumbai 3-7/5/07, squeeging expenses:20 tanks x usd 150.00 per tank | | | | | | $3,000.00 |
| | Port Qasim 18/8/07, squeeging expenses:10 tanks x usd 150.00 per tank | | | | | | $1,500.00 |
| E. | C/V/E ($ 1,500.00 PMPR) | | | | | | |
| | 3/3/07-4/4/07 | | | | | | $1,500.00 |
| | 4/4-4/5/07 | | | | | | $1,500.00 |
| | 4/5-3/6/07 | | | | | | $1,500.00 |
| | 3/6-3/7/07 | | | | | | $1,500.00 |
| | 3/7-2/8/07 | | | | | | $1,500.00 |
| | 2-23/8/07 | | | | | | $1,050.00 |
| F. | Owners expenses: (to be supported with original vouchers): | | | | | | |
| | Onsan 15-17/3/07 | | | | | | |
| | Mobil phone rental | | | | | $106.13 | |
| | | | | | | | $106.13 |
| | Spare part returning charge | | | | | $257.47 | |
| | Courier service | | | | | $156.57 | |
| | Taichung 19/3/07 | | | | | | |
| | Supply of SA charges | | | | | $375.00 | |
| G. | Charterers expenses: | | | | | | |
| | Fees for the re-issuance of the bs/l: | | | | | | $315.00 |
| | Belawan AP | | | | | | $3,000.00 |
| H. | CHARTERERS REMITTANCES | | | | | | |
| | 1st, 12/3/07 | | | | | $404,429.50 | |
| | 2nd, 15/3/07 | | | | | $98,380.00 | |
| | 3rd, 13/4/07 | | | | | $414,235.39 | |
| | 4th, 07/5/07 | | | | | $403,457.65 | |

|  |  |  |
|---|---|---|
| 5th. 8/6/07 | $407,054.50 |  |
| 6th. 16/07/07 | $348,540.69 |  |
| 2. BALANCE DUE TO OWNERS | $247,873.95 |  |
|  | $2,243,101.44 | $2,490,975.39 |

(240 B)

| | |
|---|---|
| Bank | ROYAL BANK OF SCOTLAND PLC. |
| Branch | PIRAEUS BRANCH |
| | PO BOX 80177, AKTI MIAOULI 45 |
| | GR 185 10 PIRAEUS |
| | GREECE |

| | |
|---|---|
| Account No. | 195203-100 |
| Swift ID | RBOSGRAA |
| Beneficiary: | *ELMIRA SHIPPING AND TRADING S.A.* |
| Reference : | M/T LIQUID FORTUNE / ACC ORAM CP DD 21/2/07 |

US Correspondent:

JPMORGAN CHASE BANK NEW YORK
NEW YORK
USA
SWIFT ID:CHASUS33